1
2
3
4
5
6
7

FILED
CLERK, U.S. DISTRICT COURT

6/6/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CD _____ DEPUTY

8                     UNITED STATES DISTRICT COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,        CR No. 2:23-cr-00284-SPG

11            Plaintiff,              I N F O R M A T I O N

12            v.                      [18 U.S.C. § 1001(a)(2): Making
                                      False Statements]
13   WILLIAM ERIC FULTON,
       aka "Eric Fulton,"
14
                                      
15            Defendant.

16        The United States Attorney charges:

17                      [18 U.S.C. § 1001(a)(2)]

18   A.   INTRODUCTORY ALLEGATIONS

19        At times relevant to this Information:

20        1.   Defendant WILLIAM ERIC FULTON, also known as "Eric Fulton,"

21   was an accounting professional and the founder of and senior partner

22   at a financial services company ("The Company").  The Company

23   provided bookkeeping, accounting, and tax preparation services to its

24   clients, which, according to defendant FULTON's website, included

25   "some of the industry leaders in entertainment including, Film and

26   T.V., music, sports and other high net worth individuals."

27        2.   The Department of Homeland Security, Homeland Security

28   Investigations ("HSI") and the Internal Revenue Service – Criminal

Investigation Division ("IRS-CI") in Los Angeles and the United States Attorney's Office ("USAO") for the Central District of California were conducting a criminal investigation into federal crimes, including illegal sports gambling and money laundering (the "Federal Investigation").

3.    The operation of a sports gambling business in California was prohibited by 18 U.S.C. § 1955 and California Penal Code § 337a.

<u>The Wayne Nix Illegal Sports Gambling Business</u>

4.    Wayne Nix was a resident of Orange County, California.  Nix was a minor league baseball player from 1995 to 2001.

5.    Sometime after 2001, Nix began operating an illegal bookmaking business in the Los Angeles area that accepted and paid off bets from bettors in California and elsewhere in the United States based on the outcomes of sporting events at agreed-upon odds (the "Nix Gambling Business").  Through contacts he had developed during his own career in professional sports, Nix created a client list that included current and former professional athletes and others.

6.    Nix used agents to place and accept bets from others for the Nix Gambling Business, including Agents 1 and 2.

7.    Sand Island Sports operated Internet sports gambling websites, including www.sandislandsports.com and www.betprestige.com (the "Sand Island Sports websites"), hosted on servers primarily located outside the United States.  The Sand Island Sports websites facilitated unlawful sports gambling by providing a platform to book makers to track bets placed by their clients.

8.   Nix provided bettors with account numbers and passwords for the Sand Island Sports websites and directed the bettors to use the Sand Island Sports websites to place bets with the Nix Gambling Business.

9.   Bettors would place bets online through the Sand Island Sports websites, and through Nix, Agent 1, Agent 2, and others working at Nix's direction.

Defendant Provided Financial Services to Nix's Gambling Business

10.   In approximately 2010, defendant FULTON met Nix and began providing financial services to Nix.  Defendant FULTON also provided financial services to Agents 1 and 2.

11.   Defendant FULTON and The Company provided bookkeeping and accounting services to Nix and Agent 1, including paying their bills and transferring money between accounts.

12.   Nix maintained a personal account and a business account with Wells Fargo Bank.  Nix used his Wells Fargo business account for the gambling business.   Defendant FULTON was an authorized signer for both accounts and prepared and signed checks for the accounts on Nix's behalf.

13.   Beginning no later than 2011, defendant FULTON was aware that Nix ran an illegal gambling business.  Defendant FULTON nonetheless knowingly laundered Nix's illicit gambling proceeds by continuing to provide financial services to Nix and providing access to the financial system.  Defendant FULTON continued to transfer money between accounts, issued checks and wires to Nix's gambling clients who won large bets, and helped Nix obtain bank loans to facilitate the gambling business.

1         <u>Defendant Fulton Provided Loans to the Nix Gambling Business</u>

2      14.  Defendant FULTON further participated in the gambling

3 business by providing three personal loans to Nix totaling $1,250,000

4 to allow Nix to pay his gambling clients when Nix needed rapid access

5 to liquid funds, which defendant FULTON agreed to provide at no cost

6 to Nix.  Defendant FULTON knew the purpose of all three loans was to

7 allow Nix to pay his gambling clients.

8         <u>Defendant FULTON's Use of the Nix Gambling Business</u>

9      15.  On November 12, 2016, defendant FULTON received a Sand

10 Island Sports account from Nix.  That same day, defendant FULTON

11 placed 14 bets, including three bets on a professional match of a

12 client of The Company.

13         <u>Investigation into Wayne Nix</u>

14      16.  On October 8, 2021, defendant FULTON was interviewed in the

15 presence of his attorney by HSI, IRS-CI, and the USAO in connection

16 with the Federal Investigation and services provided by The Company

17 to Nix.  Defendant FULTON, through his counsel, requested that HSI

18 not record the interview.

19      17.  At the beginning of the interview, a Special Agent from

20 IRS-CI admonished defendant FULTON that lying to federal law

21 enforcement agents was a crime, and defendant FULTON stated that he

22 understood.

23 B.  <u>FALSE STATEMENTS</u>

24      18.  On or about October 8, 2021, in Los Angeles County, within

25 the Central District of California, in an interview affecting the

26 Federal Investigation in the Central District of California, and in a

27 matter within the jurisdiction of the executive branch of the

28 government of the United States, namely, HSI, IRS-CI, and the USAO,

defendant FULTON knowingly and willfully made materially false statements and representations to HSI, IRS-CI, and the USAO knowing that these statements and representations were untrue:

(a)  Defendant FULTON falsely stated that Nix was a consultant or concierge.  In fact, as defendant FULTON then knew, Nix ran an illegal bookmaking business, defendant FULTON had provided Nix several personal loans to allow Nix to pay his gambling clients, and defendant FULTON had referred at least one of his own clients to Nix for purposes of illegal gambling.

(b)  Defendant FULTON falsely stated that he had never placed a bet online with Nix or Sand Island Sports.  In fact, as defendant FULTON then knew, defendant FULTON had received an account number from Nix and placed a series of bets online through Sand Island Sports, including bets on a sporting event involving one of defendant FULTON's clients.

E. MARTIN ESTRADA
United States Attorney


MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section

DANIEL BOYLE
Assistant United States Attorney
Asset Forfeiture & Recovery Section

5